**IN THE COURT OF APPEALS OF IOWA**

No. 20-0599
Filed August 5, 2020

**IN THE INTEREST OF L.H. and T.V.,**
**Minor Children,**

**L.H., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Winnebago County, Karen Kaufman

Salic, District Associate Judge.


        A mother appeals the juvenile court order terminating her parental rights.

**AFFIRMED.**



        Jane M. Wright, Forest City, for appellant mother.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Carrie J. Rodriguez, Garner, attorney and guardian ad litem for minor

children.


        Considered by Tabor, P.J., Greer, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. There is sufficient evidence in the record to support termination of the mother's parental rights. It would not be in the children's best interests to further extend this case by giving the mother an additional period of time to work on reunification. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

The mother is the parent of L.H., born in 2015, and T.V., born in 2019.[1] The family came to the attention of the Iowa Department of Human Services (DHS) in August 2018 due to the mother's use of methamphetamine while caring for L.H. L.H. was adjudicated a child in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) (2018). At the time, the mother and child were living with the maternal grandmother, who provided much of the child's care.

L.H. was removed from the mother's care on March 13, 2019, after the mother was arrested in Minnesota for driving while under the influence of a controlled substance. L.H. was placed in foster care.

At the time of T.V.'s birth, the mother tested positive for methamphetamine. T.V. also tested positive for amphetamines and methamphetamine. T.V. was immediately removed from the mother's care and was placed in the same foster home as L.H. T.V. was adjudicated CINA under section 232.2(6)(o) (2019).

In July 2019, the mother completed a substance-abuse treatment program. She relapsed at the end of October or the beginning of November. She was

---

[1] The parental rights of the father of L.H. were terminated, and he has not appealed. The father of T.V. is unknown.

terminated from her employment and did not have housing. The mother became erratic in her conduct with social workers. Also, she was inconsistent in attending visitation with the children. She tested positive for methamphetamine in December 2019 and did not provide any subsequent drug testing.

On February 12, 2020, the State filed a petition seeking to terminate the mother's parental rights. The State cited section 232.116(1)(f) and (*l*) (2020) for L.H. and section 232.116(1)(h) and (*l*) for T.V. The DHS social worker testified L.H. was four years old and T.V. was ten months old at the time of the termination hearing.

The juvenile court entered an order on March 27, terminating the mother's rights under section 232.116(1)(h) and (*l*) for L.H. and section 232.116(1)(f) and (*l*) for T.V. The court found the mother's situation had not improved much since the case began, stating, "Her involvement with services and even visits, has been very inconsistent." The court determined "an additional six months will not result in a change." The court concluded termination was in the children's best interests and none of the exceptions in section 232.116(3) should be applied. The mother appeals the juvenile court's order.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary

concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

**III.** **Sufficiency of the Evidence**

**A.** The mother contends the juvenile court improperly terminated her parental rights under section 232.116(1)(h) for L.H. and section 232.116(1)(f) for T.V. Section 232.116(1)(h) was not the section cited in the petition to terminate the mother's rights to L.H., and, further, it does not apply to L.H., who was not three years of age or younger. *See* Iowa Code § 232.116(1)(h)(1). Also, section 232.116(1)(f) was not cited in the petition to terminate the mother's parental rights to T.V., and this section does not apply to T.V., who was not four years of age or older. *See id.* § 232.116(1)(f)(1).

**B.** In addition to the subsections discussed above, the juvenile court terminated the mother's parental rights to L.H. and T.V. under section 232.116(1)(*l*). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). Therefore, we will consider if there was sufficient evidence to terminate the mother's parental rights under section 232.116(1)(*l*).

Section 232.116(1)(*l*) applies when the evidence shows:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96 and custody has been transferred from the child's parents for placement pursuant to section 232.102.
> (2) The parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts.
> (3) There is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to

the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home.

In this case, both of the children had CINA adjudications and were removed from the mother's care, meeting the requirements for the first element. *See* Iowa Code § 232.116(1)(*l*)(1).

The second element requires a finding of "a severe substance-related disorder," which is defined as "a diagnosable substance abuse disorder of sufficient duration to meet diagnostic criteria specified within the most current diagnostic and statistical manual of mental disorders published by the American psychiatric association that results in functional impairment." *See id.* §§ 125.2(15), 232.116(1)(*l*)(2); *see also In re G.B.*, No. 14-1516, 2014 WL 6682456, at *3 (Iowa Ct. App. Nov. 26, 2014).

On June 13, 2019, the mother was diagnosed with F15.20 amphetamine type substance disorder, severe and F10.10 alcohol use disorder, mild.[2] We find there is sufficient evidence in the record to show the mother has "a severe substance-related disorder."[3] Her use of methamphetamine "can result in 'harmful effects' to the child." *See J.S.*, 846 N.W.2d at 37; *see also In re A.B.*, 815 N.W.2d

---

[2] The mother was additionally diagnosed with post-traumatic stress disorder, post-partum mood disturbance, and tobacco use disorder, mild.

[3] The mother challenges termination under 232.116(1)(*l*) in part on the basis that there was not evidence that the mother has a "severe substance-related disorder." We acknowledge we have previously noted the diagnosis must be pursuant to DSM-V, the most current diagnostic and statistical manual of mental disorders published by the American Psychiatric Association as referenced in Iowa Code section 125.2(15). *See G.B.*, 2014 WL 6682456, at *3. Clearly the better practice is to present evidence the diagnosis meets this standard. We decline, however, to interpret the mother's argument as a claim the diagnosis of "severe substance-related disorder" failed to meet the standard, and failed to use the criteria established in DSM-V, on this record.

764, 776 (Iowa 2012) ("No parent should leave his small children in the care of a meth addict—the hazards are too great." (quoting *State v. Petithory*, 702 N.W.2d 854, 859 (Iowa 2005))). The mother's use of methamphetamine while pregnant with T.V. presented a danger to the child. In addition, the mother was arrested while driving under the influence, which is a dangerous circumstance putting at least herself in danger. We conclude the second element of section 232.116(1)(*l*) has been satisfied.

With respect to the third element, the mother completed a substance-abuse treatment program but relapsed within a few months. The mother stated she had been using methamphetamine since she was sixteen years old "[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). "Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting." *Id.* The mother's history shows she is unlikely to maintain consistent sobriety in the future.

We determine "[t]here is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home." *See* Iowa Code § 232.116(1)(*l*)(3). We conclude the mother's parental rights were properly terminated under section 232.116(1)(*l*).

## IV.    Additional Time

At the termination hearing the mother asked for additional time for work on reunification with the children.  The juvenile court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b).  *Id.* § 232.117(5).  The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period."  *Id.* § 232.104(2)(b).

> The juvenile court found:

> When parenting, juggling schedules and managing resources is important, and Mother has not shown the ability to manage that with only four hours of parenting responsibilities per week.  It is clear that she cannot have the children return to her today, and it is unlikely that will change in the future.  The Department has provided services to her for the last 20 months.  There having been no sustained progress to this point, an additional six months will not result in a change.

We agree with the juvenile court's conclusions.  The evidence does not show it is likely that the need for the removal of the children from the mother's care will no longer exist at the end of an additional period of six months.  The mother made little to no progress during the course of the CINA proceedings.  We conclude it would not be in the children's best interests to further extend this case.

We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**